IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

WILLIAM SCOTT HOWARD, SR.,

    Plaintiff,

v.                                                          No. 1:25-cv-1065-JDB-jay

MADISON COUNTY JAIL ADMINISTRATION; and
JOHN DOES 1-100, *Jail Staff*;

    Defendants.

---

### REPORT AND RECOMMENDATION

---

On March 4, 2025, Plaintiff William Scott Howard, Sr., proceeding *pro se*, filed a lawsuit against the Madison County Jail Administration and John Does 1-100/Jail Staff.[1] (Docket Entry ["D.E."] 1). Plaintiff sought and received in forma pauperis status.  (D.E. 2, 6). On December 16, 2025, the undersigned attempted to conduct a screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 22.) The undersigned noted several pleading deficiencies and ordered Plaintiff to file an amended complaint to address those deficiencies. (*Id*.) Plaintiff timely filed an amended complaint (D.E. 23); however, Plaintiff did not address the pleading deficiencies as he was ordered to do. As a result, the undersigned now recommends that Plaintiff's Amended Complaint be DISMISSED for failure to state a claim upon which relief may be granted.

---

[1] This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

1

I.

In his original complaint, Plaintiff alleged that while a prisoner in the Madison County jail he had an infected pimple that turned into a "major medical issue" that he reported to jail staff. (D.E. 1, p. 2, § IV, PageID 2.) Plaintiff states that nothing was done for a week and the infection worsened before he was finally taken to the emergency room. *Id.* In the "Statement of Claim" portion of his complaint, Plaintiff wrote "medical neglect and unclean and safe conditions and jail policy." (*Id.*) As far as the defendants were concerned, Plaintiff named "Madison County Jail Admission" and "Jail Staff 1-100 Unnamed." (*Id.* at § III.)

During the screening process, the undersigned set forth the standard of review for failure to state a claim and the elements of a § 1983 deliberate indifference to serious medical needs claim. (D.E. 22, pp. 2-5, PageID 44-47.) After reviewing Plaintiff's Complaint, the undersigned found:

> In its current state, Plaintiff's Complaint fails to state a claim upon which may be granted and should be dismissed. However, the Magistrate Judge finds it appropriate to grant Plaintiff additional time to amend his Complaint to address its shortcomings. Specifically, Plaintiff must identify the specific individuals who he claims failed to provide adequate care, and clarify whether he is suing each individual in their official or individual capacity. Any persons being sued in their individual capacity must be named as defendants. … If Plaintiff is seeking to name Madison County, Tennessee, as a defendant, he must both name it as a Defendant and allege how the constitutional violations he claims to have suffered were a result of an official Madison County policy or custom.

(*Id.* at pp. 5-6, PageID 47-48.) Plaintiff was given twenty-eight (28) days to file an amended complaint which addressed the deficiencies presented above. (*Id.* at p. 6, PageID 48.)

On January 8, 2026, Plaintiff filed another complaint. (D.E. 23.) In his latest complaint, Plaintiff identified the defendants again as the "Madison County Jail Administration" and "Jail Staff." (*Id.* at p. 2, § III, PageID 50.) In the "Statement of Claim" portion of his latest complaint, Plaintiff stated "I'm filing this lawsuit because it concerning case# 1:25-cv-01065-JDB-jay I'm asking the court to reopen that case 1:25-cv-01065 because the address that I didn't receive the

2

court documents so I'm asking the court to reopen the lawsuit of medical neglect case." (*Id*. at § IV.)

II.

The Court should dismiss Plaintiff's second or amended complaint because he has again failed to state a claim upon which relief may be granted. Plaintiff has failed to identify any individual defendants and also failed to plead any actions or inactions taken by any particular defendants that caused his alleged Constitutional deprivation. "It is a basic pleading requirement that a plaintiff must attribute factual allegations to particular defendants.... [W]hen a person is named as a defendant without an allegation of specific misconduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints." *Vinson v. Fair*, No. 24-12003, 2024 WL 4437633, at *2 (E.D. Mich. Oct. 7, 2024) (citing *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x. 188, 190 (6th Cir. 2004)). Here, Plaintiff fails both to identify any particular defendants or plead any alleged specific misconduct. The Court specifically directed Plaintiff to amend his complaint to name specific defendants and identify their alleged misconduct. Plaintiff filed a new complaint in response to the Court's December 16, 2025, order but he did not address the deficiencies that were pointed out to him. Plaintiff has been given an opportunity to amend and failed to adequately do so. As such, the Court should dismiss Plaintiff's action.

3

III.

It is RECOMMENDED that Plaintiff's action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. In dismissing Plaintiff's lawsuit, the Court should also deny as moot all of Plaintiff's pending discovery and miscellaneous motions.[2]

Respectfully submitted, this, the 23rd day of February, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(B)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[2] Plaintiff has filed the following motions that remain pending: Motion to Request Documents (D.E. 12); Motion to Request Subpoena for Documents (D.E. 14); Motion to Admit Evidence (D.E. 16); and two untitled Motions. (D.E. 17-18.)